LEE, P.J.,
Dissenting.
¶ 29. With great respect for the opinion of the majority, I am, nevertheless, compelled to dissent. The administrative law judge, the Mississippi Workers’ Compensation Commission, and the circuit court found that Dr. Bouldin was not entitled to workers’ compensation benefits as a result of injuries she received after being struck by an automobile while walking across the street to the clinic where she was employed as the clinic’s only physician. However, because of the nature of her job and the specific factual scenario of this case, I disagree.
¶ 30. I fully understand that our standard of review is to give deference to the decision of the Commission. Notwithstanding, we have, on occasion, reversed factual findings where the administrative law judge, the Commission, and the circuit court all agreed to the contrary. See Total Transp., Inc. v. Shores, 968 So.2d 400, 408(¶ 28) (Miss.2007). “Workers’ Compensation claims, and the laws that govern them, are to be construed broadly and liberally in favor of the claimant.” Miss. Transp. Comm’n v. Dewease, 691 So.2d 1007, 1016 (Miss.1997). “[I]n doubtful cases the doubt should be resolved in favor of compensation so that the beneficent purposes of the Workers’ Compensation *900 Act may be carried out.” Mitchell Buick, Pontiac & Equip. Co. v. Cash, 592 So.2d 978, 981 (Miss.1991). Since I believe common sense shows that Dr. Bouldin was never really off duty from the clinic, I find that the factual findings were not fully developed. Therefore, I would reverse the judgment of the circuit court and remand this case to the Commission for further findings on whether Dr. Bouldin was really free from the clinic on her fifteen-to-thirty-minute break.
¶ 31. On the day of the accident, Dr. Bouldin was working at a clinic, which was located in the small town of Sumner, Mississippi. Sumner is approximately the area of one square city block, which encompasses the courthouse. Dr. Bouldin did not have a set time to take a lunch break, so she would leave the clinic in the afternoon only when she could get away. Obviously, as a physician, she could not always take her break at the same time every day; she was only free to leave when there was not a patient seeking medical care. Medical needs and medical emergencies do not occur within precise time frames every day. It is difficult to imagine that Dr. Bouldin had never been interrupted during her so-called lunch break to attend to a patient. Unfortunately, Dr. Bouldin’s injuries were so severe that she was unable to testify as to how many times she had returned to the clinic before her break was over to tend to a patient.
¶ 32. One of the reasons given by the administrative law judge for denying benefits was that “[Dr. Bouldin] did not carry a pager or cell phone and was not in direct contact with the employer” — in other words, she was not “on call” during her walk. It is difficult for me to imagine Dr. Bouldin NOT being “on call.” The definition of an on-call employee is one “who is required to remain on call on the employer’s premises or so close thereto that he cannot use the time effectively for his own purposes.... ” 29 C.F.R. § 785.17. As I have previously stated, she took her lunch break when she could, and the town is so small that it seems she could have been called back to the clinic by a modestly loud voice without the need for a cell phone or pager. Since she was the only physician at the clinic, I cannot imagine that if an emergency arose during her lunch break that she would not have been called back into the clinic.
¶ 33. For these reasons, I believe that the judgment of the circuit court should be reversed and the case remanded to the Commission for further factual findings on the issue of whether Dr. Bouldin was really off duty during her lunch break.
IRVING, J, JOINS THIS OPINION.